THE PEOPLE, *ex rel.* Ramon S. La Torre, *vs.* JAMES O'BRIEN,
Sheriff, &c.

A debtor imprisoned on proceedings under the act of 1831, " to abolish impris-
onment for debt" &c., cannot be discharged from imprisonment under the
provisions of the Revised Statutes, relative to " Proceedings by creditors, to
compel assignments" by imprisoned debtors.   (2 *R. S.* 24, §§ 13 *to* 16.)

APPEAL from an order made by a justice of this court
denying an application of the relator to be discharged
from imprisonment.

The relator was arrested upon a warrant issued under
the 4th section of the act of 1831 to abolish imprisonment
for debt, (1 *R. S.* 808, 2*d ed.*) on the allegation of having
fraudulently purchased goods on credit, by means of false
representations, and removed them from the state.   The
allegation having been substantiated, he was committed to
jail by the officer before whom the proceedings were had,
as directed by the 9th section of the statute.   The relator
then applied to a judge for and obtained an order dis-
charging his person from imprisonment, under the pro-
visions of the Revised Statutes.   (2 *R. S.* 26, §§ 13 *to* 16.)
The sheriff refused to discharge him, notwithstanding this
order.   He then applied for a writ of *habeas corpus* to
obtain his discharge in pursuance of said order; which
application was denied, and he appealed.

*Joseph J. Marrin,* and others, for the relator.

*Brown, Hall & Vanderpoel,* for the sheriff.

*G. A. Seixas,* for the creditor.

CARDOZO, J.   The apparent, for there is not any real,
difficulty in this matter, seems to arise from the relator's
counsel having confined his attention to the 9th section

of the act of April 26, 1831, (4 *Edm. Stat. p.* 465,) overlooking or ignoring the 11th section.

The 9th section provides that the final commitment of the defendant shall be to the jail of the county in which the hearing is had, to be there detained until he shall be discharged "according to law." The 11th section points out the "law" according to which the defendant may be discharged. That section provides that the defendant so committed "*shall remain in custody* in the same manner as other prisoners on criminal process, *until* a final judgment shall have been rendered in his favor in the suit prosecuted by the creditor, at whose instance such defendant shall have been committed; *or until* he shall have assigned his property and obtained his discharge, *as provided in the subsequent sections of this act.*" When the act of 1831 declares that the prisoner "shall remain in custody" until discharged according to the sections of that statute, it is preposterous to argue that he could be discharged under the provisions of a prior statute.

The language of section 11 excludes all other remedies, and restricts the defendant's application for discharge to a proceeding under and pursuant to the provisions of that act.

The statute of 1813, re-enacted by the Revised Statutes, (2 *Edm. Stat., p.* 29,) was therefore inapplicable to the relator's case, and the decision of the learned justice below was clearly right, and his order should be affirmed with costs.

INGRAHAM, J. If the act to abolish imprisonment &c. is to be considered as still operative, I concur in the above opinion affirming the order appealed from. The reason is apparent, viz., that in the proceeding under the 12th section, the assignment is for the benefit of the prosecuting creditor (*Spear* v. *Wardell,* 1 *N. Y. Rep.* 144;) while

.under the act of which the defendant availed .himself, the assignment is for the benefit of all the creditors. The order should be affirmed.

GEO. G. BARNARD, P. J., concurred.

Order affirmed.

[NEW YORK GENERAL TERM, November 2,.1868. *Geo. G. Barnard, Ingraham* and *Cardozo,* Justices.]